## ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

## LUCIUS S. COWLES.

1. DEPOSITIONS — *their requisites.* A notice to take a deposition stated that it would be taken at a certain hour; the caption stated that the deposition was taken

on the day named, "by virtue of the annexed notice," and the certificate stated that the deposition " was taken at the time mentioned in the caption thereof." The notice being attached, it was held that it sufficiently appeared at what hour the deposition was taken.

2. CARRIER'S RECEIPT — *not conclusive.* The statement in a receipt given by a railroad company that goods were received in good order, is not conclusive evidence of that fact, but it is competent to show they were not in good order.

3. EVIDENCE — *burden of proof.* By such a receipt, however, the *onus* is put upon the carrier, in an action against him for a non-delivery of the goods, to show they were not in the condition stated in the receipt.

4. NEW TRIAL — *in a doubtful case.* Where the evidence in a cause leaves it doubtful whether the particular carrier, who is sued for a loss of goods, or another from whom that carrier received the goods, is liable, the Supreme Court will not disturb the finding in the court below.

5. COMMON CARRIERS — *to whom liable. Semble,* where a contract is made with a railroad company to carry goods to a given point, and while *in transitu* the goods are reshipped by that company upon another road, the latter company would be liable directly to the owner for a loss of the goods through their neglect.

APPEAL from the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This suit was originally instituted by Lucius S. Cowles against the Illinois Central Railroad Company, before a justice of the peace in Stephenson county, for the recovery of the value of a quantity of goods which were shipped upon their road, and alleged to have been lost by them *in transitu.*

The trial before the justice resulted in a judgment for the plaintiff for $75.66, from which the Company took an appeal to the Circuit Court.

Previous to the trial in the Circuit Court the defendants moved to suppress the deposition of D. W. Stead, upon the ground that it did not appear to have been taken at the hour fixed in the notice for taking the same.

The notice under which the deposition was taken, and which was attached thereto, is as follows:

Illinois Central Railroad Company *v.* Cowles.

STATE OF ILLINOIS—Stephenson County, *ss:*

Lucius S. Cowles
*v.*
The Illinois Central
Railroad Company.
} Before Joseph B. Smith, Esq., Justice of the Peace of said County.

Take notice, that on Monday, the third day of February, A. D., 1862, at the hour of 10 o'clock A. M., of said day, before G. P. McClimans, Esq., a Justice of the Peace, at his office in Sandoval, Illinois, we shall take the deposition of D. H. Stead, a witness to be examined on the part of said plaintiff, and which said deposition will be read in evidence at the trial of said cause, and when and where you may appear and cross-examine said witness, if you see proper.

This was the caption of the deposition:

Lucius S. Cowles
*v.*
Illinois Central Railroad Company.
}

Deposition of D. W. Stead, a resident of Marion county, State of Illinois, aged about 30 years, a witness on the part of the plaintiff in the above entitled suit, now pending before Joseph B. Smith, Justice of the Peace, in and for the county of Stephenson, and State of Illinois, aforesaid, produced, sworn, and examined before George P. McClimans, a Justice of the Peace in and for said county of Marion, on the 3d day of February, A. D. 1862, at the office of said Justice, in the town of Sandoval, taken by virtue of the annexed notice.

The following is the certificate of the magistrate before whom the deposition was taken:

STATE OF ILLINOIS, } *ss.* I, the subscriber, a Justice of the Peace
MARION COUNTY. in and for said county, do certify that the above deposition was taken at the time and place mentioned in the caption thereof; that the said witness was first duly sworn; that the said deposition was first carefully read to him and signed by him.

Dated this 3d day of February, A. D. 1862.

G. P. McClimans, *J. P.*

The court below overruled the motion to suppress the deposition, and the defendants excepted.

The cause was then submitted to the court for trial, without the intervention of a jury.

It appeared from the evidence that a box of goods marked L. S. Cowles, Freeport, Illinois, belonging to the plaintiff, and among them the goods in controversy, was shipped on the Ohio & Mississippi Railroad, at Cincinnati. At Sandoval the box was delivered by the Ohio & Mississippi Railroad Company to the receiving agent of the defendants, who receipted for it to that company as being in good order.

The box was delivered by the defendants in *apparent* good order, to the plaintiff, at Freeport, but upon opening it the goods in question, of the value of $75.66, were missing.

The finding below was for the plaintiff. A motion for a new trial was overruled, and a judgment entered in pursuance of the finding. The company thereupon took this appeal, and by their assignment of errors, insist that the deposition of Stead should have been suppressed for the reason assigned in the court below, and that upon the evidence the finding should have been for the defendants.

Messrs. Glover, Cook & Campbell, for the appellants, contended that the suit should have been against the Ohio & Mississippi Railroad Company, and cited 8 Meeson & Welsby, 426; *Crouch* v. *The London and North-Western Railway Co.*, 25 Eng. Law & Eq. R. 287; *Watson* v. *The Ambergate, Nottingham and Boston Railway Co.*, 3 Eng. L. & Eq. R. 497; *Ills. Cent. R. R. Co.* v. *Copeland*, 24 Ill. 336.

2. It is not sufficient to give evidence of a loss which is equally consistent with a loss by the Ohio & Mississippi Co. as by the defendant. Pierce American R. R. Law, 467; *Midland Railroad Co.* v. *Bromley*, 33 Eng. L. & Eq. 235.

Mr. Fredrick C. Ingalls, for the appellee.

The suit was well brought against the defendants below, although they receipted at Sandoval to the Ohio and Mississippi Railroad Company and not to the plaintiff.

Where one person enters into a simple contract with another, for the benefit of a third person, the third person may maintain an action for a breach of such contract. *Brown* v. *Strait,* 19 Ill. 89; *Eddy* v. *Roberts,* 17 Ill. 505.

"We consider it now well settled, as a general rule, that in case of simple contracts, the person for whose benefit the promise is made, may maintain an action in his own name upon it, although the consideration does not move from him." *Bristow* v. *Lane,* 21 Ill. 198; *Delaware & H. Canal Co.* v. *Westchester Co. Bank,* 4 Denio, 97.

In delivering the box to the defendants, the Ohio and Mississippi Railroad Company acted as the agent of the owner. *New Jersey Steam Nav. Co.* v. *Merchants' Bank,* 6 How. U. S. Rep. 344; 4 T. R. 490; see also, *Sims* v. *Bond,* 5 Barn. & Adol. 393; *Higgins* v. *Senior,* 8 Mees. & Wels. 834, 844; *Beebee* v. *Robert,* 12 Wend. 413; *Taintor* v. *Pendergast,* 3 Hill, 72; and *Sanderson* v. *Lamberton,* 6 Binney, 129.

2. In the case (33 Eng. L. & E., p. 235) cited by appellants, it is held that the *first* company is not liable, because there was no proof of non-delivery, and (p. 238) the plaintiff had sued the second carrier, but failed to show any delivery of the package to them. Here, a delivery is clearly shown to appellants, of the box, *in good order.* It is all the plaintiff can possibly prove or be required to prove.

Mr. Chief Justice Caton delivered the opinion of the Court:

We think the court properly overruled the motion to suppress the deposition of Stead. Although the certificate of the magistrate does not state at what hour the deposition was taken, yet he appends the notice, and states that the deposition was taken in pursuance of the notice. The deposition was properly admitted.

The principal question is upon the evidence. This certainly leaves it doubtful whether the goods were lost by the defendant

or by the Ohio & Mississippi Railroad Company. The goods were delivered to the latter in Cincinnati, in a box, with other goods. That box was delivered to the defendant at Sandoval, who receipted for it in good order, and it was delivered to the plaintiff at Freeport, in apparent good order, but on examination these goods were missing. Now, it is certain that the goods were abstracted from the box *in transitu* between Cincinnati and Freeport; and while we cannot say certainly, that they were taken out after the box left Sandoval, yet there is proof tending to show this, and also it tends to show a loss by the other company; and in this state of the case it was for the jury to say, or for the court, in the place of a jury, to say which most probably lost the goods. If it were necessary to show a preponderance of proof against the defendant, that is done by the production of the receipt, which states that the goods were received at Sandoval in good order, without qualifying it by the word *apparent*. If the goods had been previously abstracted, then the box was not in good order. It is true that this receipt was not conclusive that the box was in good order, and it was competent to show that it was not; but it threw the *onus* on the defendant to show that fact. If they did show that fact, they showed a case which would make the other company liable; and to assert that, is to admit the liability of the defendant, for, independent of the receipt, the evidence is as strong against the defendant as it is against the first company. In a doubtful case, as this certainly is, we are not disposed to disturb the finding below.

The judgment is affirmed.

*Judgment affirmed.*